**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ABEL MALDONADO,
Petitioner,

v.

No. 96-2386

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-509-577)

Submitted: January 13, 1998

Decided: January 28, 1998

Before HALL and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald L. Schlemmer, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, Civil Division, Karen Fletcher
Torstenson, Assistant Director, Francesco Isgro, Senior Litigation
Counsel, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abel Maldonado petitions for review of an order of the Board of Immigration Appeals ["Board"] denying his applications for asylum and withholding of deportation, but granting voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Maldonado, a native and citizen of Honduras, entered the United States without inspection. Subsequently, he filed a request for asylum, which the Immigration and Naturalization Service denied. In a hearing before an Immigration Judge, Maldonado conceded his deportability. The Immigration Judge found that there were inconsistencies between Maldonado's first asylum application, his second asylum application, and his testimony, and therefore concluded that Maldonado was not credible. Further, the Immigration Judge stated that, even assuming that Maldonado was credible, he failed to establish that he had a well-founded fear of persecution based on one of the statutory grounds. Accordingly, the Immigration Judge denied Maldonado's petitions for asylum and withholding of deportation but granted his application for voluntary departure. On appeal, the Board reviewed the claims and then dismissed the appeal. Maldonado timely petitions this court for review of the Board's order.

A refugee qualifies for asylum if he is unable or unwilling to return to the country of his nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997). The well-founded fear standard contains both a subjective and an objective component. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). The subjective element requires a genuine fear on the part of the alien. See Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective com-

2

ponent requires credible, specific, direct evidence supporting a reasonable fear that the alien faces persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

A trier of fact's credibility findings made in a deportation proceeding must be supported by substantial evidence. See Figeroa, 886 F.2d at 78. We must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. The reviewing court can reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

We conclude that substantial evidence supports the Board's finding that Maldonado was not credible and furthermore that he failed to show that he was persecuted or has a well-founded fear or clear probability of future persecution on account of the statutory grounds. There were numerous inconsistencies between Maldonado's testimony and his applications for asylum. In his first application, Maldonado stated that he fled Honduras because of new groups who were taking over the Valle area and pressuring him to join. He stated that neither he nor his family had ever belonged to any organization in Honduras or had been mistreated or harmed by authorities. In his second application, however, Maldonado stated that he left Honduras because of his involvement in political and student organizations to which the guerillas were opposed and that the guerillas visited his home and threatened him with death if he did not join them. Further, he testified that he fears that if he returns to Honduras he would not be able to work, study, or express his political views because of his political affiliations. Given the inconsistencies, substantial evidence supports the Board's finding that Maldonado was not credible. See Matter of Ho, 19 I. & N. Dec. 582, 591 (B.I.A. 1988).

Next, we find that substantial evidence supports the Board's conclusion that based upon Maldonado's lack of corroboration coupled with his lack of credibility, he failed to meet his burden of proving that he has a well-founded fear of persecution. Because Maldonado failed to present credible testimony demonstrating a genuine fear of persecution, he failed to meet the subjective component of the well-founded fear standard. See Huaman-Cornelio, 979 F.2d at 999. There-

3

fore, Maldonado failed to establish eligibility for asylum. Accordingly, we find that substantial evidence supports the Board's decision denying asylum.

Because Maldonado fails to meet the less stringent burden of proof for asylum, it is not necessary for us to decide whether he is eligible for withholding of deportation under 8 U.S.C.A.§ 1253(h) (West Supp. 1997). See Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991). We affirm the Board's ruling denying Maldonado's applications for asylum and withholding of deportation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED